Commander Russell L. Pillifant Support Services Bureau Department of Public Safety Post Office Box 3528 Sarasota, Florida 34230
Dear Commander Pillifant:
You ask substantially the following question:
Is the death of a patient who dies at home under the care of a home health care agency and for whom the patient's attending physician will sign the death certificate an "unattended" death that must be reported to the district medical examiner pursuant to sections 406.11 and 406.12, Florida Statutes.
In sum:
The death of a person at home while under the care of an attending physician is not an "unattended" death for purposes of notification of the district medical advisor. The death of a patient at home while under the care of a home health care agency other than a licensed hospice and without an attending physician would be an "unattended" death requiring notification of the district medical examiner by such health care agency.
It is assumed for purposes of your question that the patient was under the care of a home health care agency that is not a hospice organization licensed pursuant to Part VI, Chapter 400, Florida Statutes.
Section 406.11(1), Florida Statutes, requires the medical examiner of the district in which a death has occurred to perform or have performed such examinations, investigations, and autopsies as he deems necessary or as requested by the state attorney when any person dies in this state "[u]nattended by a practicing physician or other recognized practitioner."[1] The statute also requires such action by the medical examiner when a body is to be cremated, dissected, or buried at sea.[2]
While the common definition of the term "attended" is "to look after [or] take charge of," it also means "to go or stay with as a companion, nurse, or servant: visit professionally as a physician."[3] Thus, it would appear that the death of a patient "unattended" by a physician would relate to the absence of a doctor/patient relationship at the time of the death and not necessarily the physical presence of the attending physician at that time.[4] A death is considered "unattended" when it occurs more than 30 days after the decedent was last treated by a physician, except where death was medically expected as certified by an attending physician.[5]
The notification requirements of the statute are also triggered by a death unattended by a recognized practitioner. The term "recognized practitioner" is not defined for purposes of the statute. However, section 400.6095(8), Florida Statutes, provides that "[t]he death of a person enrolled as a hospice patient shall be considered an attended death for purposes of s.406.11(1)(a)5." Thus, a hospice licensed pursuant to Part IV, Chapter 440, Florida Statutes, is recognized as a practitioner, when under whose care a patient dies, the notice requirements in section 406.11(1), Florida Statutes, are not triggered, absent any of the other circumstances enumerated in the statute that would otherwise require notification of the district medical examiner.[6]
Home health agencies other than hospice organizations are not governed by the provisions in Part IV, Chapter 400, Florida Statutes, and are not statutorily recognized practitioners for purposes of an "attended" death.[7] I am not aware of, nor have you directed my attention to, any statutory provision that recognizes any home health care agency other than a licensed hospice organization for purposes of an "attended" death. Accordingly, the death of a patient at home while under the care of a home health care agency other than a licensed hospice and without an attending physician would be an "unattended" death requiring notification of the district medical examiner by such health care agency.[8]
The statute makes no distinction as to where the "unattended" death must occur before such notification is required. For example, the death of a patient who has been hospitalized by his attending physician and who dies during the confinement without the doctor's physical presence at the time of death could hardly be said to have been an unattended death. I would note, however, that other provisions of section 406.11(1), Florida Statutes, requiring notification of the medical examiner, such as when a person dies by accident or in any suspicious or unusual circumstance, could be triggered while a person is under the care of an attending physician in a hospital setting. Thus, the circumstance that a death occurs at a patient's home does not by itself dictate notification of the district medical examiner and a subsequent decision as to whether an autopsy should be performed to determine the cause of death.[9]
The plain language of the statute requires notification of the district medical examiner when a body is to be cremated, dissected, or buried at sea. There is no exemption from this requirement regardless of the circumstances of the death. It would be within the discretion of the district medical examiner to make such examinations, investigations or autopsies as he deems necessary.[10] Where the Legislature has directed how a thing must be done, it is, in effect, a prohibition against its being done in any other manner.[11] Thus, the notification requirements of sections 406.11 and 406.12, Florida Statutes, must be met when a body is to be cremated, dissected, or buried at sea.
Accordingly, it would appear that the death of a person at home while under the care of an attending physician who signs the death certificate does not by itself trigger the notification and procedural requirements in sections 406.11 and 406.12, Florida Statutes. The death of a person under the care of a home health agency other than a licensed "hospice" without an attending physician would be an "unattended" death requiring notification of the district medical examiner. In the event a body is to be cremated, dissected, or buried at sea, however, the notification and procedural requirements in these statutes must be met.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 406.11(a)5., Fla. Stat. (1993).
[2] See, s. 406.11(1)(c), Fla. Stat. (1993).
[3] Webster's Third New International Dictionary 140 (unabridged ed. 1981).
[4] Cf., s. 765.101(2), Fla. Stat. (1993), defining "[a]ttending physician" as "the primary physician who has responsibility for the treatment and care of the patient."
[5] See, s. 382.002(4), Fla. Stat. (1993), defining "[d]eath without medical attendance" as "death occurring more than 30 days after the decedent was last treated by a physician, except where death was medically expected as certified by an attending physician."
[6] See, s. 400.6095(8), Fla. Stat. (1993), stating that "a hospice shall report the death to the medical examiner if any unusual or unexpected circumstances are present."
[7] See, s. 400.601(2), Fla. Stat. (1993), defining "[h]ospice" to mean "a centrally administered corporation not for profit, as defined in chapter 617, providing a continuum of palliative and supportive care for the terminally ill patient and his family." See also, s. 400.602(1), Fla. Stat. (1993), providing:
(a) It is unlawful to operate or maintain a hospice without first obtaining a license from the agency. (b) It is unlawful for any person or legal entity not licensed as a hospice under this part to use the word "hospice" in its name, or to offer or advertise hospice services or hospice-like services in such a way as to mislead a person to believe that the offeror is a hospice licensed under this part.
[8] Cf., Op. Att'y Gen. Fla. 78-46 (1978) (no statutory authority for sheriff, deputy sheriff, or certified emergency medical technician to declare or officially pronounce a person dead; however, such individual having knowledge of a death occurring without medical attendance is required by law to notify the medical examiner).
[9] Cf., Op. Att'y Gen. Fla. 71-106 (when a decedent is attended by a physician at the time of his death, it is not necessary in every instance to have an autopsy in order to determine if death was the result of crime; however, even under such circumstances, state attorney or county solicitor, in the exercise of his best judgment, may have autopsy performed).
[10] Id.
[11] See, Alsop v. Pierce, 19 So.2d 799, 801 (Fla. 1944) (legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).